# United States Court of Appeals for the Federal Circuit

———————————

**APATOR MIITORS APS,**
*Appellant*

**v.**

**KAMSTRUP A/S,**
*Appellee*

———————————

2017-1681

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2015-01403.

———————————

Decided: April 17, 2018

———————————

RICHARD JOSEPH BASILE, St. Onge Steward Johnston & Reens, LLC, Stamford, CT, argued for appellant. Also represented by TODD M. OBERDICK.

MARK JOHNSON, Renner Otto, Cleveland, OH, for appellee. Also represented by KYLE BRADFORD FLEMING.

———————————

Before MOORE, LINN, and CHEN, *Circuit Judges.*

MOORE, *Circuit Judge.*

Apator Miitors ApS ("Apator") appeals from a Final Written Decision of the United States Patent and Trademark Office Patent Trial and Appeal Board ("Board") in an inter partes review of U.S. Patent No. 8,893,559 finding claim 2 was anticipated by Nielsen, U.S. Patent App. Pub. No. 2012/0006127, and claim 10 would have been obvious in light of Nielsen and Körner, European Patent App. No. 1798528. The primary issue on appeal is whether Apator can swear behind Nielsen by showing conception and reduction to practice prior to Nielsen's effective filing date. Because substantial evidence supports the Board's finding that Apator failed to sufficiently corroborate inventor Jens Drachmann's testimony of conception, we affirm.

BACKGROUND

On June 12, 2015, Kamstrup A/S ("Kamstrup") filed a petition for inter partes review of the '559 patent, and the Board instituted review of, among other things, claims 2 and 10 based in part on Nielsen. During trial, Apator attempted to swear behind Nielsen's effective filing date of March 25, 2010, a mere eighteen days before its own effective filing date of April 12, 2010. In support, Apator proffered a declaration from Mr. Drachmann ("Drachmann Declaration") in which Mr. Drachmann declares he conceived of his invention, an ultrasonic consumption meter, prior to Nielsen's effective filing date. Apator further proffered: an email from Mr. Drachmann to Svein Tunheim dated February 15, 2010 ("first Tunheim email") that the Drachmann Declaration states attached an image file titled "mechanics6.png" ("mechanics6 file"); an email from Mr. Drachmann to Mr. Tunheim dated March 22, 2010 ("second Tunheim email") that the Drachmann Declaration states attached a presentation titled "UFM++ venture.pdf" ("UFM++ venture file"); an email from Mr. Drachmann to Rasmus Bjerngaard dated March 22, 2010 ("Bjerngaard email") that the Drachmann Declaration states attached the UFM++ venture file; and

a number of drawings that the Drachmann Declaration states were created between February 15, 2010, and March 22, 2010.

The Board rejected Apator's attempt to swear behind Nielsen, determining in its Final Written Decision that claim 2 was anticipated by Nielsen and claim 10 was obvious based in part on Nielsen. J.A. 17-18. The Board found that, "other than Mr. Drachmann's own testimony, [Apator] has presented no evidence that Mr. Drachmann conceived the [meter] prior to the effective filing date of Nielsen." J.A. 16. Since "mere unsupported evidence of the alleged inventor, on an issue of priority, as to . . . conception and the time thereof, can not be received as sufficient proof of . . . prior conception," the Board reasoned, even "accepting as true every statement in Mr. Drachmann's Declaration, . . . [Apator] has failed to produce sufficient evidence" to swear behind Nielsen. J.A. 16 (quoting *Price v. Symsek*, 988 F.2d 1187, 1194–95 (Fed. Cir. 1993)). Apator appeals. We have jurisdiction under 28 U.S.C § 1295(a)(4).

## DISCUSSION

### I. Legal Standards

An inventor can swear behind a reference by proving he conceived his invention before the effective filing date of the reference and was diligent in reducing his invention to practice after that date. *Perfect Surgical Techniques, Inc. v. Olympus Am., Inc.*, 841 F.3d 1004, 1007 (Fed. Cir. 2016) (citing 35 U.S.C. § 102(g)[1]). It is well established,

---

[1] Congress amended § 102 in 2011 as part of the America Invents Act ("AIA"). *REG Synthetic Fuels, LLC v. Neste Oil Oyj*, 841 F.3d 954, 958 n.3 (Fed. Cir. 2016) (citing Leahy-Smith America Invents Act, 125 Stat. 84, 341 (2011)). References to § 102 in this opinion refer to the pre-AIA version of the statute, which applies here.

however, that when a party seeks to prove conception through an inventor's testimony the party must proffer evidence, "in addition to [the inventor's] own statements and documents," corroborating the inventor's testimony. *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996); *Hahn v. Wong*, 892 F.2d 1028, 1032 (Fed. Cir. 1989). While the requirement of corroboration exists to prevent an inventor from "describ[ing] his actions in an unjustifiably self-serving manner," *Chen v. Bouchard*, 347 F.3d 1299, 1309 (Fed. Cir. 2003), "[e]ven the most credible inventor testimony is *a fortiori* required to be corroborated by independent evidence," *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1171-72 (Fed. Cir. 2006).

The sufficiency of the proffered corroboration is determined by a "rule of reason" analysis in which all pertinent evidence is examined. *In re NTP, Inc.*, 654 F.3d 1279, 1291 (Fed. Cir. 2011). Even under the "rule of reason" analysis, however, the "evidence of corroboration must not depend solely on the inventor himself." *Cooper v. Goldfarb*, 154 F.3d 1321, 1330 (Fed. Cir. 1998); *see also Hahn*, 892 F.2d at 1033 (corroborating evidence must be "independent of information received from the inventor").

Conception is a question of law predicated on subsidiary factual findings, one of which is the sufficiency of corroboration. *REG*, 841 F.3d at 958. We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *Id.* Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), and "the possibility of drawing two inconsistent conclusions from the evidence" will not render the Board's findings unsupported by substantial evidence, *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966).

## II. Analysis

Substantial evidence supports the Board's finding that Apator failed to sufficiently corroborate Mr. Drachmann's testimony of conception prior to the effective filing date of Nielsen. Apator has failed to proffer any evidence of Mr. Drachmann's conception that is not supported solely by Mr. Drachmann himself.

In the first Tunheim email, for example, Mr. Drachmann writes, "I have found the basis for the mechanical assembly of the meter" including "several new things that I didn't have before." J.A. 808. He writes, "[a] sample is attached" and references "completely new mechanical solutions (as seen in the picture)." J.A. 808. The Drachmann Declaration then states that the first Tunheim email attached the mechanics6 file. J.A. 795, 809. Apator contends this evidence corroborates Mr. Drachmann's testimony that he conceived of the meter depicted in the mechanics6 file by the February 15, 2010, date of the first Tunheim email and prior to Nielsen's effective filing date. But as the Board noted, "there are no indicia in either the body or header of the email indicating a file is attached, let alone a file entitled 'mechanics6'." J.A. 13.

In the second Tunheim email, Mr. Drachmann mentions "the latest presentation I put together" and states, "I'm sending it to you here," while the Bjerngaard email mentions "UFM++" in its subject line and states, "here is the presentation I promised." J.A. 812, 836. The Drachmann Declaration then states that each of these emails attached the UFM++ venture file. J.A. 795-96. Apator contends this evidence corroborates Mr. Drachmann's testimony that he conceived of the meter depicted in the UFM++ venture file by the March 22, 2010, dates of the second Tunheim and Bjerngaard emails and prior to Nielsen's effective filing date. Again, as the Board observed, "the only evidence that a 'UFM++venture' file was

attached to these emails . . . is the Drachmann Declaration," that is, the testimony of Mr. Drachmann himself. J.A. 13. None of the emails themselves indicate what file was attached or what such attachment disclosed.

The drawings proffered by Mr. Drachmann indicate they were "[m]odified" on January 30, 2012, but the Drachmann Declaration states, based on Mr. Drachmann's file naming convention, that these drawings were actually created earlier, prior to Nielsen's effective filing date. J.A. 908, 796-98. Apator contends this evidence shows Mr. Drachmann conceived of the meter depicted in the drawings prior to Nielsen's effective filing date. Once more, as the Board noted, beyond the Drachmann Declaration there is "no evidence showing the existence or rules of Mr. Drachmann's file naming convention [and] no evidence that [the drawings] were named pursuant to that file naming convention." J.A. 15.

The evidence proffered by Mr. Drachmann is stuck in a catch-22 of corroboration: Apator attempts to corroborate Mr. Drachmann's testimony with the emails and the drawings, but the emails and drawings can only provide that corroboration with help from Mr. Drachmann's testimony. The first Tunheim email states that "[a] sample is attached," but we must rely on Mr. Drachmann's testimony to learn that the first Tunheim email has an attachment, and we must rely on his testimony again to learn that that attachment is the mechanics6 file. The second Tunheim and Bjerngaard emails suffer from the same problem: while the emails reference a "presentation," it is only by resort to Mr. Drachmann's testimony that we can know either email has an attachment and that attachment is the UFM++ venture file. And without Mr. Drachmann's testimony otherwise, we cannot know that the drawings were created any earlier than the January 30, 2012, date indicated. As we stated in *NTP*, "[i]t would be strange indeed to say that [an inventor], who filed the . . . affidavit

that needs corroborating, can by his own testimony provide that corroboration." *NTP*, 654 F.3d at 1292.

Apator argues that Mr. Drachmann's emails and drawings, like unwitnessed laboratory notebooks, have some corroborative value, citing *Singh v. Brake*, 222 F.3d 1362, 1370 (Fed. Cir. 2000). Apator is correct that, "[u]nder a 'rule of reason' analysis, the fact that a notebook entry" or other writing "has not been promptly witnessed does not necessarily disqualify it in serving as corroboration of conception." *Id.* at 1369. Indeed, we have permitted such writings to aid in corroborating witness testimony alongside other, more persuasive, evidence. See, e.g., *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1378 (Fed. Cir. 1986) (inventor testimony of conception was sufficiently corroborated by inventor's laboratory notebook in which some entries were witnessed before the critical date but others were not); *Mikus v. Wachtel*, 542 F.2d 1157, 1161 (CCPA 1976) ("Record of Invention" based on unwitnessed laboratory notebook and witnessed before the critical date "may supply evidence of conception"). But an unwitnessed laboratory notebook, alone, cannot corroborate an inventor's testimony of conception. *Brown v. Barbacid*, 276 F.3d 1327, 1335 (Fed. Cir 2002) ("The Board did not err in holding that an inventor's own unwitnessed documentation does not corroborate an inventor's testimony about inventive facts."); *Procter & Gamble Co. v. Teva Pharms. USA, Inc.*, 566 F.3d 989, 998-99 (Fed. Cir. 2009) (laboratory notebook that "was unwitnessed and was not corroborated by any other evidence" could not corroborate inventor testimony of conception). Likewise, Mr. Drachmann's unwitnessed emails and drawings, alone, cannot corroborate his testimony of conception.

It is no answer that Apator's evidence is "unrebutted," as Apator repeatedly points out. This criticism misunderstands Apator's burden of proof under § 102(g), which requires that Apator prove Mr. Drachmann did conceive

of his meter prior to Nielsen's effective filing date, not that Kamstrup prove Mr. Drachmann did not. *In re Magnum Oil Tools Int'l, Ltd.*, 829 F.3d 1364, 1375-76 (Fed. Cir. 2016) ("[I]n the context of establishing conception and reduction to practice for the purposes of establishing a priority date, . . . a patent challenger has the burden of producing evidence to support a conclusion of unpatentability under § 102 or § 103, but *a patentee bears the burden of establishing that its claimed invention is entitled to an earlier priority date than an asserted prior art reference.*") (emphasis added).

In sum, a reasonable mind could conclude that Apator failed to proffer evidence corroborating Mr. Drachmann's testimony regarding conception. Accordingly, we hold that substantial evidence supports the Board's finding that Apator has not established conception prior to Nielsen's effective filing date. Because conception has not been established, we need not reach the issue of Mr. Drachmann's diligence in reducing his meter to practice.

## CONCLUSION

Because Apator has not established conception prior to Nielsen's effective filing date, Apator cannot swear behind Nielsen. Accordingly, we affirm the Board's determination that claim 2 is anticipated by Nielsen and claim 10 is obvious over Nielsen and Körner.

## **AFFIRMED**

## COSTS

No costs.