# United States Court of Appeals for the Federal Circuit

———————————

**KOLCRAFT ENTERPRISES, INC.,**
*Appellant*

**v.**

**GRACO CHILDREN'S PRODUCTS, INC.,**
*Appellee*

———————————

2018-1259, 2018-1260

———————————

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2016-00816, IPR2016-00826.

———————————

Decided: July 2, 2019

———————————

KYLE WALLENBERG, Niro McAndrews LLC, Chicago, IL, argued for appellant. Also represented by RAYMOND P. NIRO, JR.

JOHN W. HARBIN, Meunier Carlin & Curfman, LLC, Atlanta, GA, argued for appellee. Also represented by GREGORY JOSEPH CARLIN, WALTER HILL LEVIE, III, WARREN JAMES THOMAS.

———————————

Before MOORE, REYNA, and CHEN, *Circuit Judges.*

REYNA, *Circuit Judge*.

Kolcraft Enterprises, Inc. appeals the decision of the United States Patent Trial and Appeal Board finding U.S. Design Patent Nos. D604,970 and D616,231 unpatentable as obvious in light of the prior art. The primary issue on appeal is whether Kolcraft Enterprises, Inc. antedated the prior art with evidence of its prior conception, diligence, and reduction to practice. The Board determined that Kolcraft Enterprises, Inc. did not. We agree. Accordingly, we affirm.

BACKGROUND

Kolcraft Enterprises, Inc. ("Kolcraft") is the assignee of U.S. Design Patent No. D604,970 S ("the '970 patent") and U.S. Design Patent No. D616,231 S ("the '231 patent"). The '970 and '231 patents are both titled "Exposed Legs for a Play Yard" and have an effective filing date of November 5, 2004. Each patent has one claim.

The '970 patent contains seven figures. Figures 1 and 2 are depicted below.



FIG. 1       FIG. 2

J.A. 48–49. Figure 1 is "a perspective view of exposed legs for a play yard," and Figure 2 is "a front view of the design of FIG. 1." J.A. 46, 48–49. The '970 patent also states that "[t]here is no fabric covering the exposed legs shown in any

of FIGS. 1–7." J.A. 46. The dashed lines do not form part of the claimed design. *See* MPEP § 1503.02 (9th ed. 2018).

The '231 patent has five figures. Figures 1 and 2 are provided below. Figure 1 is "a perspective view of a playard with exposed legs." J.A. 52. Figure 2 is "a front view of the playard of FIG. 1." *Id.* "There is no fabric covering the exposed legs shown in any of FIGS. 1–5." *Id.*



On March 30, 2016, Graco Children's Products, Inc. ("Graco") filed a petition for *inter partes* review ("IPR") challenging the '970 patent. A day later, Graco filed a second IPR petition challenging the '231 patent. Graco proposed eleven grounds of unpatentability for each patent, including a ground for each patent that the claim is obvious in light of U.S. Design Patent No. D494,393 assigned to Chen ("Chen '393"). The United States Patent Trial and Appeal Board ("Board") instituted a single trial addressing both patents on the asserted grounds related to Chen '393.

Kolcraft did not submit a preliminary owner response to Graco's petitions, but it filed a six-page Patent Owner

Response[1] after the Board instituted trial.  In its Patent Owner Response, Kolcraft included a declaration signed by inventors Damon Oliver Casati Troutman and Edward B. Bretschger ("Inventor Declaration"), with Exhibits A–H appended to the declaration.  The Patent Owner Response argued that at least one of Exhibits A–H depicted features of the claimed invention identified by the Board: (1) curved legs that bow outward; (2) no fabric covering the exposed legs; and (3) outward flaring at the top of the legs.  Exhibits A–H are a collection of photos and sketches of play yards and instructions for assembling the prototype of the play yard that Troutman and Bretschger claim to have invented.  Neither the Inventor Declaration discussing the exhibits nor the exhibits themselves included specific dates of conception.  The Inventor Declaration redacted the dates when the exhibits were purportedly created, using blank spaces where relevant dates would have been to show that the inventions described in the '970 and '231 patents were conceived of and reduced to practice on "a date prior to January 7, 2004," the effective filing date of Chen '393.  J.A. 1181–84.

In March 2017, Graco deposed inventors Troutman and Bretschger.  Before the depositions took place, Kolcraft provided Graco with an unredacted version of the inventors' declaration, where the blank spaces were replaced with alleged dates of conception and reduction to practice.  When questioned about the source of these dates, inventor Troutman testified that the dates were based on metadata associated with the computer files containing the exhibits.  Graco filed under seal with its reply the transcripts of Bretschger's and Troutman's depositions.  One day before the July 6, 2017 oral hearing, Kolcraft filed under seal an unredacted version of the Inventor Declaration attaching

---

[1]     Kolcraft filed the same Patent Owner's Response for each IPR.

the exhibits in paper form. Kolcraft did not file with the Board the computer files of the exhibits containing the metadata showing the purported dates of conception. During the oral hearing before the Board, Kolcraft admitted that the unredacted version of the Inventor Declaration was "not in the record." J.A. 2006.

At trial, the Board addressed whether Chen '393 qualifies as prior art to the patents-in-suit and whether the patents-in-suit are obvious in view of Chen '393. The Board concluded that Chen '393 is prior art because Kolcraft failed to show that conception, diligence, and reduction to practice of the '970 and '231 patents occurred before Chen '393 was filed. The Board also found that the testimony of inventors Bretschger and Troutman—explaining that they conceived of the play yard invention before the effective filing date of Chen '393—was not corroborated by non-inventor testimony, documents, or other evidence. Notably, the Board relied on the redacted version of the Inventor Declaration and did not take into account inventor deposition testimony of prior conception because the Board deemed Kolcraft's reliance on inventor deposition testimony to be waived as it was raised for the first time at oral hearing. The Board also determined that the patents-in-suit were obvious in view of Chen '393.

Kolcraft timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

DISCUSSION

On appeal, Kolcraft does not contest that, if we agree that Chen '393 is prior art, then the '970 and '231 patents are obvious. Kolcraft instead challenges whether the Board erred in finding that Troutman and Bretschger did not conceive of the inventions of the '970 and '231 patents before the filing of Chen '393 and that they did not exercise reasonable diligence or reduce to practice the patented inventions before January 7, 2004.

This case turns on the corroboration of inventor testimony. Only if there is sufficient corroboration do we address whether Troutman and Bretschger conceived of the patented inventions prior to January 7, 2004, the date Chen '393 was filed.

Inventor testimony of conception must be corroborated by other, independent information. *Apator Miitors ApS v. Kamstrup A/S*, 887 F.3d 1293, 1295 (Fed. Cir. 2018) (citing *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996); *Hahn v. Wong*, 892 F.2d 1028, 1032–33 (Fed. Cir. 1989)). Whether there is sufficient corroboration is governed by a "rule of reason" analysis, which requires all pertinent evidence to be examined to determine whether the inventor's testimony is credible. *In re NTP, Inc.*, 654 F.3d 1279, 1291 (Fed. Cir. 2011); *Kridl v. McCormick*, 105 F.3d 1446, 1450 (Fed. Cir. 1997).

Conception is "the formation, in the mind of the inventor of a definite and permanent idea of the complete and operative invention, as it is thereafter to be applied in practice." *REG Synthetic Fuels, LLC v. Neste Oil Oyj*, 841 F.3d 954, 962 (Fed. Cir. 2016) (emphasis omitted) (quoting *Coleman v. Dines*, 754 F.2d 353, 359 (Fed. Cir. 1985)); *see also Hoop v. Hoop*, 279 F.3d 1004, 1007 (Fed. Cir. 2002) (stating that the standard for inventorship for design patents is the same as that for utility patents). Conception is a question of law premised on underlying factual findings. *In re VerHoef*, 888 F.3d 1362, 1365 (Fed. Cir. 2018); *Apator*, 887 F.3d at 1295. Sufficient corroboration is one of those factual findings. *REG Synthetic*, 841 F.3d at 958. We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *Apator*, 887 F.3d at 1295.

Kolcraft relies on inventor deposition testimony, the Inventor Declaration, and Exhibits A–H to show that the inventors of the '970 and '231 patents conceived and diligently reduced to practice the patented inventions before January 7, 2004. All cited evidence of prior conception,

however, originated with the inventors of the '970 and '231 patents. The Board, in considering only the redacted Inventor Declaration, found that Exhibits A–H and the Inventor Declaration "are undated and find identification, if at all, only via the conclusory and uncorroborated testimony of the inventors." J.A. 40. There is no evidence in the record independently corroborating the inventors' alleged conception prior to Chen '393. *See Apator*, 887 F.3d at 1295 (stating that "evidence of corroboration must not depend solely on the inventor himself" (quoting *Cooper v. Goldfarb*, 154 F.3d 1321, 1330 (Fed. Cir. 1998))). Therefore, substantial evidence supports the Board's finding that the Inventor Declaration and Exhibits A–H do not corroborate dates of prior conception sufficient to antedate Chen '393.

Kolcraft argues that the Board should have considered both the unredacted Inventor Declaration and the inventor deposition testimony of prior conception in its Final Written Decision. That the Board did not consider the unredacted Inventor Declaration or inventor deposition testimony (even if not waived) is immaterial here because both are supported solely by the inventors themselves.

In the same vein, specifics regarding Exhibits A–H are supported solely by Troutman and Bretschger. The inventors declare that the drawings and prototypes depicted in Exhibits A–H were created on "a date prior to January 7, 2004." J.A. 1182. But these dates are supported only by inventor testimony. Therefore, Exhibits A–H fail to independently corroborate any inventor testimony showing prior conception. *See Hahn*, 892 F.2d at 1032–33 ("The inventor, however, must provide independent corroborating evidence in addition to his own statements and documents."); *Kridl*, 105 F.3d at 1450 (stating that corroboration is "independent confirmation of the inventor's testimony").

Kolcraft contends that Exhibits A–H do not need to be corroborated by non-inventor testimony or independent evidence because they are "physical exhibit[s]" that are self-explanatory. Appellant Br. 28–29. Indeed, the court is capable of comparing the photos and sketches of the various play yards illustrated in Exhibits A–H with the claimed invention, but the fact remains that these exhibits are undated and lack any showing of authorship. The evidence as to the dates of creation of these Exhibits is found only in the Inventor Declaration and not in the Exhibits themselves.

Kolcraft also argues that the metadata associated with the Exhibits shows the dates when they were created. Yet the metadata is not part of the record. The only other discussion of metadata as possible corroborating evidence is found in the deposition testimony of inventor Troutman, which is insufficient to corroborate inventor testimony of prior conception. *See Chen v. Bouchard*, 347 F.3d 1299, 1310 (Fed. Cir. 2003) ("Evidence of the inventive facts must not rest alone on the testimony of the inventor himself."); *see also Brown v. Barbacid*, 276 F.3d 1327, 1335 (Fed. Cir. 2002) (stating that "the physical evidence in this case may not single-handedly corroborate" inventor testimony).

We addressed the question of inventor corroboration in *Apator*, 887 F.3d at 1293. There, we concluded that inventor testimony of prior conception was not sufficiently corroborated because all supporting evidence depended solely on the inventor. *Id.* at 1295–96. The inventor provided a declaration in which he stated that he conceived of his invention before the effective filing date of the prior art. *Id.* at 1294. To corroborate the inventor testimony, patent owner Apator Miitors ApS ("Apator") also proffered three unwitnessed emails from the inventor to third parties dated before the effective filing date of the prior art and various drawings of the claimed invention with file naming conventions indicating dates of creation before the filing date of the prior art. *Id.* at 1294–95. The emails

purportedly contained attachments showing prior conception, but there was no indication from the email headers that a file was attached. *Id.* at 1296–97. Nor did the bodies of the emails indicate the content of the attachments. *Id.* at 1296. For each of the emails and drawings, the only record evidence explaining the content of the attachments and the date of the drawings came from the Inventor Declaration. *Id.* at 1296–97. Without the Inventor Declaration, the court could not independently discern whether a file was attached to the emails, the content of any attachments, or the date the drawings were created. *Id.* As a result, we held that Apator failed to provide evidence corroborating inventor testimony of prior conception. *Id.* at 1297.

Here, the purportedly corroborating evidence is even weaker than the evidence presented in *Apator*. The record contains only the Inventor Declaration, inventor deposition testimony, and undated photos attached to the Inventor Declaration. Only the Inventor Declaration, i.e., inventor testimony, supports the purported dates showing conception prior to January 7, 2004. Inventor testimony alone cannot prove conception. *NFC Tech., LLC v. Matal*, 871 F.3d 1367, 1372 (Fed. Cir. 2017); *Price v. Symsek,* 988 F.2d 1187, 1194 (Fed. Cir. 1993). Considering all the evidence in the record, a reasonable mind could conclude that Kolcraft failed to independently corroborate inventor testimony of prior conception. Accordingly, we hold that substantial evidence supports the Board's finding that Kolcraft has not established conception prior to the effective filing date of Chen '393. Because prior conception has not been established, we need not address the issue of diligence. *See Apator*, 887 F.3d at 1297.

## CONCLUSION

We have considered Kolcraft's remaining arguments and find them unpersuasive and immaterial to the question of corroboration. We hold that substantial evidence supports the Board's finding that Kolcraft failed to

corroborate inventor testimony of prior conception. Accordingly, we affirm the Board's determination that the '970 and '231 patents are unpatentable as obvious in view of Chen '393.

## AFFIRMED

### COSTS

No costs.